# Exhibit A

**Feldman, Shepherd, Wohlgelernter**
**Tanner, Weinstock & Dodig**
By: John M. Dodig, Esquire/Jason A. Daria, Esquire/    *Attorneys for Plaintiff*
   Reginald L. Streater, Esquire
I.D. No. 51092/73360/ 326878
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
(215) 567-8300

| | |
|---|---|
| Paul Brown<br><br>      Plaintiff,<br><br>v.<br><br>Amazon.com, LLC, Amazon.com Services, LLC, Amazon.com Sales, Inc., Amazon Logistics, Inc. And ABC Corporations 1–5<br><br>      Defendants. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br><br>JUNE TERM, 2024<br><br>No. 1611<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

<table>
<tr><td align="center">NOTICE</td><td align="center">AVISO</td></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-6333 TTY: 215-451-6197

</td><td>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguien-tes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandanre y requiere que usted cumpla con todas las provisiones de esta demande. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR RAL SERVCIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA<br>SERVICO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefone: 215-238-6333  TTY: 215-451-8197

</td></tr>
</table>

Plaintiff, Paul Brown, by and through his attorneys, Feldman, Shepherd, Wohlgelernter,

Tanner, Weinstock & Dodig, LLP, files this Complaint against Defendants, and states, as follows:

1

Case ID: 240601611

## PARTIES

1.      Plaintiff, Paul Brown, is an adult individual residing at 1019 Bridge Street, Philadelphia, PA 19124. He is a citizen of Pennsylvania and resident of Philadelphia County.

2.      Defendant, Amazon.com LLC, is a limited liability company operating under the laws of the Commonwealth of Pennsylvania, with a registered address for service of process with the Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, PA 17110. Defendant has its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

3.      Defendant, Amazon.com Services, LLC, is a limited liability company operating under the laws of the Commonwealth of Pennsylvania, with a registered address for service of process with the Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, PA 17110. Defendant has its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

4.      Defendant, Amazon.com Sales, Inc., is a corporation operating under the laws of the Commonwealth of Pennsylvania, with a registered address for service of process with the Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, PA 17110. Defendant has its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

5.      Defendant, Amazon Logistics, Inc., is a corporation operating under the laws of the Commonwealth of Pennsylvania, with a registered address for service of process with the Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, PA 17110. Defendant has its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

6.      Defendants, ABC Corporations 1–5, are fictitious names for unknown corporations, companies, and/or other legal entities, operating under the laws of the Commonwealth of Pennsylvania, with registered addresses and principal places of business in the Commonwealth of Pennsylvania.

2

7.    The Amazon Defendants and ABC Corporations 1–5 (collectively referred to as "Defendants") were involved in the stream of commerce through which the defective product reached the Plaintiff and caused harm. Defendants each played a role in the marketing, sale, distribution, and/or fulfillment of the product that resulted in the Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

8.    Defendants, Amazon.com, LLC and Amazon.com Services, LLC, are citizens of the Commonwealth of Pennsylvania since their comprising members are citizens of the Commonwealth of Pennsylvania, including but not limited to The Vanguard Group, a major member with over 771 million shares, with a registered office, headquarters, and principal place of business at 100 Vanguard Boulevard, Malvern, PA 19355. Vanguard's President and other officers have the same registered address.

9.    Defendants, ABC Corporations 1-5, are citizens of the Commonwealth of Pennsylvania since they were incorporated in the Commonwealth of Pennsylvania and maintain a principal place of business in Pennsylvania.

10.    Jurisdiction is proper in the Commonwealth of Pennsylvania as to all Defendants under 42 Pa. C.S.A. § 5301(a)(2)(i) & (iii) and § 5301(a)(3)(i) & (iii), since some of the Defendants qualify as foreign corporations or entities under the laws of the Commonwealth of Pennsylvania and all Defendants carry on a continuous and systematic part of their general business within the Commonwealth of Pennsylvania. The Amazon Defendants have warehouses, stores, and other facilities throughout the Commonwealth of Pennsylvania, including approximately 40 operations facilities, and over 25,000 employees in Pennsylvania.

11.    Jurisdiction is also proper in the Commonwealth of Pennsylvania as to all Defendants, under: 42 Pa. C.S.A. § 5322(a)(1)(iii), since Defendants transact business in

3

Case ID: 240601611

Pennsylvania, including shipping merchandise directly or indirectly into this Commonwealth; § 5322(a)(2), since Defendants contract to supply things in Pennsylvania; § 5322(a)(3) and (a)(4), since Defendants caused harm or tortious injury in Pennsylvania.

12.     Venue is proper in Philadelphia County under Pa. R.C.P. 1006(b) and: Rule 2179(a)(2), since Defendants regularly conduct business in Philadelphia County, selling and distributing products to customers located in Philadelphia; Rule 2179(a)(3), since the cause of action arose in Philadelphia; and Rule 217(4), since transactions or occurrences took place in Philadelphia out of which the cause of action arose.

## FACTUAL BACKGROUND

13.     On March 12, 2020, Plaintiff ordered and purchased a Boliss "Big and Tall Heavy Duty Executive Chair" from and through the Amazon Defendants.

14.     This chair was specifically marketed with a "Heavyweight Rate" by Defendants as suitable for individuals weighing up to "500 lbs".

15.     Plaintiff, weighing less than 500 lbs. at the time of purchase, selected this chair based on its advertised capacity and suitability for larger individuals.

16.     The chair was designed and manufactured by Anji Longbo Furniture Design Co., Ltd. (Boliss), located in Hong Kong, China, and sold by "Tyyps" and the Amazon Defendants.

17.      Plaintiff ordered this chair while he was in Philadelphia.  He paid the Amazon Defendants for this chair from Philadelphia, using his Philadelphia bank account.

18.     On or about March 18 through March 23, 2020, the chair was shipped by the Amazon Defendants and ABC Corporations 1-5 and delivered to Plaintiff in Philadelphia at 7237 Jackson Street, Philadelphia, PA 19135.

4

Case ID: 240601611

19.     On June 17, 2022, while using the chair in Philadelphia, Plaintiff leaned back in the chair, which then broke, causing him to fall backwards onto the floor.  Plaintiff was 370 pounds at the time of the incident.

20.     The chair was defective in design and/or manufacturing, with a thin plate at the bottom of the chair, which was inadequate to support the advertised weight limit and failed under normal use conditions.

21.     At the time of the incident, the chair was in substantially the same condition as when it was purchased and had not been altered or modified by the Plaintiff.

## INJURIES/DAMAGES

22.     As a direct and proximate result of the negligence, carelessness, and/or strict liability of the Defendants herein, Plaintiff suffered serious, painful and permanent back and other injuries, including nerve impingement at L2 through L4, requiring surgery, physical therapy, pain management, and other treatment.

23.     As a direct and proximate result of the negligence, carelessness, and/or strict liability of the Defendants herein, Plaintiff has in the past suffered and will in the future continue to endure great pain, suffering, agony, mental anguish, embarrassment and humiliation.

24.     As a further direct and proximate result of the carelessness, negligence, and/or strict liability of the Defendants, Plaintiff has suffered injuries which have caused him physical and mental impairment, preventing him from performing all or substantially all the material acts and duties which constitute his usual and customary daily activities, constituting a loss of the enjoyment of the ordinary pleasures of life.

25.     As a direct and proximate result of the carelessness, negligence, and/or strict liability of the Defendants, Plaintiff has in the past been obligated to receive and undergo medical

5

attention and care and has had to expend sums of money and/or incur expenses and suffered other economic losses as a result of the injuries Plaintiff has suffered, and he may in the future continue to be obliged to expend such sums or to incur such expenses and other economic losses.

26.    As a direct and proximate result of the carelessness, negligence, and/or strict liability of the Defendants, Plaintiff has suffered a loss of earnings and may suffer a loss of future earning capacity.

27.    At all relevant times, Defendants acted and/or failed to act, individually and/or by and through their actual and/or apparent personnel, employees, agents, and representatives, who were acting within the scope and course of their actual and/or apparent employment and/or agency, and in furtherance of the Defendants' business interests.

## COUNT I - STRICT LIABILITY (PRODUCT LIABILITY)
### *Paul Brown v. All Defendants*

28.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

29.    Defendants marketed, sold, and distributed the chair.

30.    Defendants were at all times relevant hereto, engaged in the business of marketing, selling and distributing chairs.

31.    At the time that Defendants marketed, sold, distributed and/or placed the chair involved in the above-described accident into the stream of commerce, it was in a defective and unreasonably dangerous condition.

32.    By marketing, distributing, selling and/or supplying the chair in a defective and unreasonably dangerous condition, Defendants are strictly liable pursuant to the Restatement (Second) of Torts, Section 402A.

6

Case ID: 240601611

33.     The chair was not reasonably fit, suitable or safe for its intended purpose, in that it:

    a.   deviated from the design specifications, formulae, or performance standards of the manufacturer;

    b.   deviated from the design specifications, formulae, or performance standards of otherwise identical units manufactured to the same manufacturing specifications or formulae;

    c.   failed to contain adequate warnings or instructions; and/or

    d.   was designed in a defective manner.

34.     The chair was defectively designed, defectively manufactured, and unreasonably dangerous for its intended use, failing to support the weight as advertised, and causing injury to the Plaintiff under normal use.

35.     The defect in the design of the chair made it unsafe for use by individuals within the advertised weight limit, and this defect was the direct and proximate cause of Plaintiff's injuries.

36.     The Amazon Defendants, as the marketers, distributors, and sellers of the chair, are strictly liable for placing a defective and dangerous product into the stream of commerce without adequate testing, inspection, or quality control measures to ensure its safety.

37.     Defendants, ABC Corporations 1–5, as the distributors and/or as the fulfillment service providers, are strictly liable for distributing a defective and dangerous product without adequate testing, inspection, or quality control measures to ensure its safety.

38.     Plaintiff used the chair in a foreseeable manner consistent with its intended purpose and within the weight capacity stated by the manufacturer and distributor.

Case ID: 240601611

39.    Plaintiff had no way of detecting the defect in the chair prior to the incident and relied on the representations made by Defendants regarding the chair's safety and suitability for use.

40.    The defective condition of the chair rendered it unreasonably dangerous and unsuitable for its intended use, making Defendants strictly liable under applicable product liability law.

41.    Defendants knew or should have known that consumers, including Plaintiff, would suffer injury as a result of their failure to exercise ordinary care.

42.    As a direct and proximate result of the condition of the defective chair, Plaintiff Paul Brown suffered injuries and damages as set forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of $50,000.00, plus interest and costs.

## COUNT II – NEGLIGENCE
### *Paul Brown v. All Defendants*

43.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

44.    Defendants owed a duty to Plaintiff to ensure that the products it sold were safe and fit for their intended use, including the duty to inspect, test, and verify the safety of the chair before placing it into the stream of commerce.

45.    Defendants, individually, and through their authorized agents, servants, and/or employees, were negligent, careless, and breached their duty of care, in the following respects:

    a. Allowing the product to be sold in a defective condition;

    b. Failing to warn users or others subject to injury resulting from the dangerous product or the dangers associated with the product;

    c. Failing to investigate the dangers associated with the product;

8

d.  Placing the product in the stream of commerce when Defendants knew, or reasonably should have known, that the product was not properly equipped with components and safety devices and features to make it safe for intended use;

e.  Marketing, selling and/or supplying the product which Defendants knew or reasonably should have known was in a defective condition;

f.  In ignoring evidence and facts about the dangers of the product when used in a reasonably foreseeable manner;

g.  Failing to supply or specify the appropriate and safe use for the product;

h.  Failing to warn Plaintiff of the dangers associated with the product; and

i.  Negligently distributing, inspecting, marketing, selling, and/or testing the product.

46.     Defendants breached this duty by failing to identify and remedy the defect in the chair, which posed a foreseeable risk of harm to users, including the Plaintiff.

47.     Defendants knew or should have known that the chair was unsafe and posed a risk of serious injury to users within the advertised weight limit.

48.     The breach of this duty was a direct and proximate cause of Plaintiff's injuries, as the defective chair failed under normal use, leading to his fall and subsequent injuries.

49.     As a direct and proximate result of Defendants' negligence, Plaintiff Paul Brown suffered injuries and damages, as set forth above.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $50,000.00, plus interest and costs.

## COUNT III - BREACH OF WARRANTY
### *Paul Brown v. All Defendants*

50.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

9

Case ID: 240601611

51.    Defendants expressly and impliedly warranted that the chair was safe and suitable for use by individuals up to 500 lbs., including warranties of merchantability and fitness for a particular purpose.

52.    Plaintiff relied on these warranties when purchasing the chair, expecting it to be safe and adequate for his use based on the representations made by Defendants.

53.    Defendants breached these warranties by selling a chair that was not safe for its intended use and failed under normal conditions, causing serious injury to the Plaintiff.

54.    The breach of these warranties was a direct and proximate cause of Plaintiff's injuries and damages set forth above, as the defective condition of the chair rendered it unfit for its intended purpose.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $50,000.00, plus interest and costs.

## COUNT IV – MISREPRESENTATION
### *Paul Brown v. All Defendants*

55.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

56.    Defendants marketed and advertised the chair as suitable for individuals up to 500 lbs., which was false and misleading, as the chair was not capable of safely supporting this weight.

57.    Defendants knew or should have known that these representations were false and that the chair posed a risk of injury to users, including the Plaintiff.

58.    Plaintiff relied on these representations when purchasing and using the chair, believing it to be safe and adequate for his needs based on the information provided by the Defendants.

10

Case ID: 240601611

59.    Defendants' false and misleading representations about the safety and suitability of the chair constitute a deceptive practice, causing harm to the Plaintiff and warranting the imposition of liability for the resulting damages.

60.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff Paul Brown suffered injuries and damages as set forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of $50,000.00, plus interest and costs.

FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK & DODIG


BY:    _____
JASON A. DARIA, ESQUIRE
JOHN M. DODIG, ESQUIRE
REGINALD L. STREATER, ESQUIRE

*Attorneys for Plaintiff, Paul Brown*

11

Case ID: 240601611

DocuSign Envelope ID: 02A42A61-5416-4769-829A-F8E83489A975

# VERIFICATION

I, Paul Brown, hereby state that I am the plaintiff in the foregoing action, and that the attached Complaint is based on information which I have furnished to my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint and to the extent that the information therein is based upon information I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

DocuSigned by:

641A633CAA75463...

PAUL BROWN

Case ID: 240601611

RECEIVED

2024 JUN 27  AM 9: 44

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

RECEIVED